UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENÉ DALLAS EDWARDS, | Civil Action No. 21-13355 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| JILL S. MAYER, et al. | |
| Defendants. | |

**HILLMAN**, District Judge

WHEREAS, Plaintiff, René D. Edwards, appearing pro se, has filed a complaint against Defendants Jill S. Mayer ("Mayer"), Matthew Spence ("Spence"), Harold Shapiro ("Shapiro") (collectively "Prosecution Defendants"), and Governor Phil Murphy ("Governor Murphy")(collectively "Defendants") asserting Defendants violated the law by failing to file any criminal charges against the individuals who allegedly raped Plaintiff because of his race and disability;[1] and

WHEREAS, Plaintiff has filed an application to proceed

---

[1] In paragraph 2 of Plaintiff's Complaint, Plaintiff explains "Defendant, City of Camden, & Trenton & Bridgenton [sic], is a political subdivision and municipality of the state of New Jersey and may be served with process by service 'Office of Camden County Prosecutor' [a]t 25 North 5th Street Camden, New Jersey 08021." (ECF No. 1 ¶2.) Plaintiff fails to include these cities in the caption as defendants or include any additional allegations in the Complaint regarding these cities. Accordingly, the Court's analysis only focuses on the Prosecution Defendants and Governor Murphy.

1

without prepayment of fees ("in forma pauperis" or "IFP" application)(ECF No. 1-1); and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 U.S. Dist. LEXIS 137260, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")(other citations omitted)); and

WHEREAS, "the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner." Hickson, 2011 U.S. Dist. LEXIS 137260, at *1 (citing Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)).  For a Court to grant in forma pauperis status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).  "The Supreme Court has held that a plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute,'" Chatman v. Allegheny County, 144 Fed. App'x 216, 217 (3d Cir. 2005) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)); and

WHEREAS, Plaintiff's application states that he has $50.00 in cash, his average monthly income is $814.00 from social security disability benefits, and his average monthly expenses

2

are $1,837.00.  (ECF No. 1-1 at 1-5.)  Based on this information, the Court will grant Plaintiff's IFP application; and

    WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, No. 17-3129, 2017 U.S. Dist. LEXIS 140747, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

    WHEREAS, when screening a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); and

3

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded to the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff's Complaint must be dismissed against the Prosecution Defendants because they are entitled to absolute immunity for the asserted claims.  "A prosecuting attorney in the State of New Jersey 'who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution' is absolutely immune from suit." Oliveira v. Borough of N. Arlington, No. 15-7717, 2018 U.S. Dist. LEXIS 1117, at *7 (D.N.J. Jan. 3, 2018)(quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)(alteration in original)).  "[I]t is now well-settled law that the approval of an arrest of an individual and the subsequent filing of charges against that individual 'are at the core of the prosecutorial function.'" Id. (quoting Munchinski

4

v. Solomon, 618 F. App'x 150, 154 (3d Cir. 2015)). Here, Plaintiff's Complaint entirely relies on his belief that "criminal charges should have been filed against" the individuals who allegedly raped him. De Jesus v. City of Phila, No. 15-4318, 2015 U.S. Dist. LEXIS 104967, at *1-2 (E.D. Pa. Aug. 11, 2015). "However, a private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another." Id. (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 1973)); see also Johnson v. United States DOJ, 541 Fed App'x 160, 161 (3d Cir. 2013)("[P]rosecutors are absolutely immune from liability for actions performed 'in a quasi-judicial role,' including filing and bringing criminal charges against a defendant."); Derrick v. United States DOJ, No. 12-1842, 2012 U.S. Dist. LEXIS 187985, at *12 (M.D. Pa. Sept. 17, 2012)(quoting Wayte v. United States, 470 U.S. 598, 607 (1985)("[D]ecisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, 'particularly ill-suited to judicial review.'")). Accordingly, Plaintiff's Complaint must be dismissed against the Prosecution Defendants; and

  WHEREAS, the Court is aware that "[w]hen a plaintiff files

a complaint pro se and is faced with a motion to dismiss, 'unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint.'" Spann v. Cumberland/Salem Mun. Court, No. 21-11066, 2021 U.S. Dist. LEXIS 102393, at *4 (D.N.J. June 1, 2021)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)(emphasis in original)). Based on the well-established case law, it appears that any attempt to amend Plaintiff's Complaint against the Prosecution Defendants would be futile. Accordingly, the Complaint will be dismissed with prejudice against the Prosecution Defendants, see Spann, 2021 U.S. Dist. LEXIS 102393, at *7 (dismissing a pro se plaintiff's complaint with prejudice during an IFP screening because any attempt to amend would be futile); and

WHEREAS, Plaintiff additionally fails to state a claim against Governor Murphy. Whether to file criminal charges against an individual lies within a prosecutor's sole discretion. It is not Governor Murphy who decides whether to institute criminal charges and try a person. Zahir v. Mountcastle, No. 21-1023, 2021 U.S. Dist. LEXIS 56646, at *4 (E.D. Pa. Mar. 25, 2021)(quoting Lewis v. Jindal, 368 F. App'x 613, 614 (5th Cir. 2010)("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion.")). Similar to Plaintiff's

6

claims against the Prosecution Defendants, the Court finds any attempt to cure the deficiencies in Plaintiff's claims against Governor Murphy would be futile.  Accordingly, Plaintiff's Complaint will also be dismissed with prejudice against Governor Murphy.

    THEREFORE,

    IT IS on this 21st day of July, 2021

    ORDERED that Plaintiff's IFP application (ECF No. 1-1) be, and the same hereby is, GRANTED, and the Clerk of Court is directed to file Plaintiff's Complaint; and it is further

    ORDERED that Plaintiff's Complaint be, and the same hereby, is DISMISSED WITH PREJUDICE as any attempt to amend would be futile; and it is further

    ORDERED that the Clerk of Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail and mark this case closed.

At Camden, New Jersey                           s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.